## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DISTRICT

CORI NATIONS PHOTOGRAPHY, LLC,   )
                                 )
    Plaintiff,                   )
                                 )
    v.                           )   No. 4:25CV505 HEA
                                 )
REEDY PRESS, LLC, and PATRICK MURPHY, )
                                 )
    Defendants.                  )

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss or in the Alternative, Motion for More Definite Statement and Memorandum in Support, [Doc. No. 8]. Plaintiff opposes the Motion. For the reasons that follow, the Motion will be denied as moot.

### Facts and Background[1]

Plaintiff's Complaint alleges on March 16, 2014, Plaintiff photographed a dance performance at a local St. Louis dance studio. The Photograph, entitled "Row of Irish Dancers Dancing," is registered with the United States Copyright Office, bearing Copyright No. VA0002372931.

---

[1] The recitation of facts is set forth for the purposes of this motion only. It in no way relieves the parties of the necessary proof of the facts in later proceedings.

1

On March 7, 2023, one of Plaintiff's former clients, the parent of a minor child participating in the March 16 performance, and depicted in the Photograph, notified Plaintiff that a photograph from the performance was on the cover of a book being sold at a local grocery store, and she was unaware that her daughter's likeness was to be used publicly.

Plaintiff discovered that the book, authored by defendant Murphy and published by defendant Reedy, titled "The Irish in St. Louis: From Shanty to Lace Curtains," utilized the Photograph on the cover and, again, inside the book itself.

Plaintiff did not grant permission or extend a license to either of defendants for use of the Photograph in the book or otherwise.

Plaintiff's prayer for relief seeks an injunction, actual damages and any profits of Defendants attributable to the infringement or exclusive rights under the copyright act or statutory damages for infringement of each separate copyright as set forth in 17 U.S.C. § 504, costs and attorney's fees, and pre and post judgment interest.

**Legal Standard**

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When analyzing a motion to dismiss, "a court must accept the allegations contained in the complaint as true and make all reasonable inferences in favor of the nonmoving party." *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014). However, courts "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts*." Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019). The complaint must allege sufficient facts to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 555 (citing 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1216 at 235 236 (3d ed. 2004)). "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)).

## Discussion

Defendants move to dismiss the Complaint arguing Plaintiff has failed to

plead a valid claim for statutory damages or attorney's fees under 17 U.S.C. §§ 504-505 due to the registration's untimely filing.

The Complaint alleges the photograph was taken in 2014. Plaintiff discovered the publication of the photo in 2023 and registered it at that time. Section 412 of Title 17 provides:

> an action for infringement of the copyright of a work that has been preregistered under section 408(f) before the commencement of the infringement and that has an effective date of registration not later than the earlier of 3 months after the first publication of the work or 1 month after the copyright owner has learned of the infringement, or an action instituted under section 411(c), no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for—
>
> (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or
>
> (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C. § 412.

The allegations in the Complaint do not set forth the requirements of a claim under 17 U.S.C. § 412. Indeed, Plaintiff concedes such in its Response in Opposition to the Motion. "plaintiff hereby withdraws its prayer for statutory damages and attorney fees while retaining the remainder of its prayer for relief."

4

Defendants seek dismissal of Plaintiff's entire Complaint because of the claim for statutory damages. Defendant does not present any authority for such drastic relief and the Court can discern no valid reason for dismissing the entire Complaint because Plaintiff has asked for damages to which it is not entitled.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, [Doc. No. 8], is denied.

**IT IS FURHTER ORDERED** that Defendants' alternative request to strike Plaintiff's prayer for statutory damages is granted.

Dated this 16th day of July, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE